JAMES BONINI
CLERK

2010 MAY 14  P 2: 22

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ROBIN K. SHINDLER, <br> 1603 Chippewa Ct. <br> Grove City, Ohio, 43123, <br><br> Plaintiff, <br><br> v. <br><br> FIRST PRIORITY, INC., <br> 1585 Todd Farm Dr. <br> Elgin, Illinois, 60123, <br><br> and <br><br> BILL STRAUTZ, <br> Director of Marketing and Sales <br> First Priority, Inc. <br> 1585 Todd Farm Dr. <br> Elgin, Illinois 60123, <br><br> Defendants. | CIVIL ACTION NO. 2:10 cv 431 <br><br> JUDGE  JUDGE WATSON <br><br><br> MAGISTRATIVE JUDGE_____ <br><br> MAGISTRATE JUDGE KEMP <br><br> **COMPLAINT** <br><br><br> **JURY DEMAND ENDORSED HEREON** |

## I. Preliminary Statement

1. This action seeks compensatory and punitive damages, declaratory and equitable relief, prejudgment and postjudgment interest, costs, and attorneys' fees for the age discrimination committed by Defendants when, less than a year after he was hired at age 63 by Defendant Strautz's predecessor and notwithstanding the fact that his performance evaluation reflected he had met their expectations, including a significant sales increase, they learned that Plaintiff was not planning to retire in the immediate future and discharged him on the pretextual ground of economic constraints and restructuring, replaced him with a substantially younger less qualified National Accounts Manager, and continued to implement the expressed desire of senior management to secure a substantially younger salesforce and leadership.

## II. Jurisdiction and Venue

2. This action brings an age discrimination claim pursuant to Ohio R.C. 4112.99 and the common law of the State of Ohio.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a) (diversity of citizenship).

4. Declaratory, injunctive, and equitable relief; prejudgment and post-judgment interest; damages; and attorneys' fees are sought pursuant to the Ohio R.C. 4112.99, the common law of the State of Ohio, and 28 U.S.C. §§2201; 2202.

5. Costs may be awarded pursuant to the Fed. R. Civ. P. 54.

6. Venue lies in this forum pursuant to 28 U.S.C. §1391 because Plaintiff had, at all times material to this Complaint, performed his duties as Defendant First Priority, Inc.'s National Accounts Manager from Franklin County, Ohio.

## III. Parties

7. Plaintiff, age 65, is a resident of Franklin County, Ohio, and, earning more than $78,000 in annual base pay plus fringe benefits, worked for Defendant First Priority, Inc. as a National Accounts Manager from March 8, 2008, until his layoff effective February 9, 2010.

8. Defendant First Priority, Inc. is a manufacturer and supplier of both generic pharmaceuticals for the animal health industry and its own pharmaceutical line, Priority Care; employs more than four persons; is incorporated in the State of Illinois, where its headquarters and primary manufacturing and distribution center are located; and its principal owners and executives are Larry Schneider, Chief Executive Officer, and Martha Schneider, Secretary-Treasurer.

9. Defendant Bill Strautz is Director of Marketing and Sales of Defendant First Priority, Inc.; at all times material to this Complaint, acted directly or indirectly in the interest of Defendant First Priority, Inc.; is a resident of the State of Illinois; and is in his early forties.

## IV. Facts

10. Plaintiff was hired by David J. Merrick, then Director of Sales and Marketing of

Defendant First Priority, Inc., who is in his mid-fifties. Mr. Merrick was later promoted to Vice President of Sales and Marketing.

11. At all times material to this Complaint, Plaintiff met or exceeded the expectations Defendants had for performance of his job duties and, during his tenure, increased sales in the markets for which he was responsible.

12. As part of the management structure of Defendant First Priority, Inc., regular management meetings were held and attended by the Schneiders.

13. In early 2009, at several management meetings, Martha Schneider emphasized the need for a young, energetic, attractive field sales force that would provide longevity and long-term growth, and the conversations, in which Larry Schneider and senior management of Defendant First Priority, Inc. participated during and after the meetings, included comments to the effect that the current sales force would probably be thinking about retiring soon and could then be replaced.

14. Plaintiff was one of those members of the sales force who was anticipated to retire soon.

15. After a meeting where Martha Schneider was particularly adamant about the need to replace the older workforce, David J. Merrick reported to Larry Schneider what Merrick had earlier told another member of senior management, President Robert Steiler: he did not anticipate retirement by more than one older salesmen, identifying Plaintiff as an employee who was not likely to retire in the immediate future.

16. Soon after that meeting, David J. Merrick was fired and replaced with Defendant Strautz, who was substantially younger.

17. Around the time that Defendant Strautz was hired, Defendant First Priority, Inc. was pursuing a pattern of firing older members of management and replacing them with substantially younger ones, and Defendant Strautz continued that pattern.

18. On February 9, 2010, Defendants notified Plaintiff that he was being laid off "due to economic constraints and the recent company restructuring."

19. Plaintiff was unaware that Defendant First Priority, Inc. had been suffering economic constraints or engaging in a company restructuring, and his sales, as well as those of others, indicated that it was weathering the recession.

20. Defendants replaced Plaintiff with a substantially younger employee in his early forties or late thirties.

21. As compared to Plaintiff, his replacement had significantly less experience in and knowledge of the industry and fewer contacts with current and projected customers.

22. Defendants did not communicate to Plaintiff before his discharge any material deficiencies in his job performance.

23. Larry Schneider had complimented Plaintiff on his job performance and increase in sales.

24. Plaintiff suffered and continues to suffer emotional distress, frustration, humiliation, anxiety, and related harm due to the age discrimination of Defendants.

25. Despite reasonable diligence in seeking employment comparable to his position with Defendant First Priority, Inc., Plaintiff has been unable to secure such employment.

## V. Claim for Relief: Age Discrimination, Ohio R.C. 4112.99

26. Plaintiff incorporates, as if fully realleged, paragraphs 1-25 of the Complaint.

27. By concocting a pretext for discharging Plaintiff, after learning that he had no plans to retire in the immediate future, to cover up their stereotypical view that a substantially younger sales force would best serve the future of the corporation and replacing him with a substantially younger employee notwithstanding Plaintiff's superior qualifications, experience, and job performance as part of a pattern of going younger, Defendants committed age discrimination in violation of the Ohio Laws Against Discrimination.

## VI. Prayer for Relief

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and/or severally,

    a. declaring that they have violated the Ohio Laws Against Discrimination;

b.  ordering such equitable relief, including reinstatement, expungement, and back pay and fringe benefits, as will make him whole for Defendants' discrimination; more than $75,000 in compensatory damages; more than $75,000 in punitive damages; prejudgment and postjudgment interest; costs; attorneys' fees; and,

c.  such other relief as the Court may deem appropriate.

Respectfully submitted,

By_____
John S. Marshall (0015160)
(jmarshall@marshallandmorrow.com)
Edward R. Forman (0076651)
(eforman@marshallandmorrow.com)
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

Attorneys for Plaintiff

**OF COUNSEL:**

Louis A. Jacobs (002101) (LAJOhio@aol.com)
66871 Rayo del Sol
Desert Hot Springs, California, 92240-1871
(614) 203-1255
Fax (760) 288-2146

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

By_____
John S. Marshall (0015160)
(jmarshall@marshallandmorrow.com)